IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:26-cv-81469

AUGUST IMAGE, LLC,

Plaintiff,

v.

BRIGHT MOUNTAIN MEDIA, INC. d/b/a CAFEMOM, d/b/a LITTLETHINGS, d/b/a MAMASLATINAS,

Defendant.

---

**COMPLAINT**

Plaintiff August Image, LLC ("Plaintiff") sues defendant Bright Mountain Media, Inc. d/b/a CafeMom, d/b/a LittleThings, d/b/a MamasLatinas ("Defendant"), and alleges as follows:

**THE PARTIES**

1. Plaintiff is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located in New York, NY.

2. Defendant is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 6400 Congress Avenue, Suite #2050, Boca Raton, FL 33487. Defendant's agent for service of process is Corporation Service Company, 1201 Hayes Street, Tallahassee, FL 32301.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained

sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

### I. Plaintiff's Business and History

6. From its offices in New York City and London, Plaintiff represents (all around the world) over one hundred of some of the most creative and innovative contemporary photographers working today.

7. Plaintiff boasts a wide collection of portrait, lifestyle, beauty and fashion photography for editorial and commercial licensing. Some of Plaintiff's image collection and a list of the photographers it represents is available on its website (at https://www.augustimage.com/).

8. Plaintiff sets itself apart from others because it is knowledgeable about its exclusive images and strives to provide a high level of customer satisfaction. In order to make its rights managed collection available to its clients, Plaintiff has spent years to secure the relationships, information and team to efficiently acquire the releases as necessary.


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

## II. The Work at Issue in this Lawsuit

9. Danielle Levitt, Dennis Leupold, Mark Seliger, Joe Pugliese, Ryan Pfluger, Ramona Rosales, Alexi Lubomirski, Brian Bowen Smith, Mark Williams & Sara Hirawaka, Art Streiber, Austin Hargrave, and Miller Mobley are some of the many renowned photographers represented by Plaintiff.

10. Danielle Levitt is a photographer and film director who has two decades of work documenting celebrity, music, fashion, and art. Ms. Levitt's unique ability to create connections has allowed her to break down barriers and exude agency and intimacy in her work. Based in New York and Los Angeles, Ms. Levitt has strong cultural ties in both cities which impacts her projects, including her innovative process. Ms. Levitt's work can be viewed on her professional website (at https://www.daniellelevitt.com/).

11. Dennis Leupold was born and raised in the vibrant city of Dusseldorf, Germany. At 22, leaving his hometown for New York, he spent five years smashing creative barriers alongside top influential photographers worldwide. Working independently, Mr. Leupold ventured into fashion, and later music, entertainment, and commercials. Now straddling the creative landscapes of Los Angeles and New York, he collaborates with icons like Rihanna, Mary J Blige, and Jennifer Lopez, crafting work that transcends boundaries. Working across music, fashion and commercials, Mr. Leupold persistently creates art that provokes and inspires. His lens captures emotions, leaving an indelible mark on the canvas of contemporary creativity. Mr. Leupold's work can be viewed on his professional website (at https://www.dennisleupold.com/).

12. Mark Seliger, born in Amarillo Texas, became the Chief Photographer for Rolling Stone between the years 1992-2002, for which he shot over 175 covers. Most of his work can be seen in *Vanity Fair*, *Italian Vogue*, *Harper's Bazaar*, *Elle* and other magazines. He also does


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

advertising work for Adidas, Anheuser-Busch, Levi's, McDonald's, Netflix, Ralph Lauren, Ray-Ban and more. He is the recipient of many esteemed awards like Alfred Eisenstaedt Award, Lucie Award, Clio Grand Prix, Cannes Lions Grand Prix, The One Show, ASME, SPG, the Texas Medal of Arts Award, and has works exhibited in museums and galleries around the world, like the National Portrait Gallery at the Smithsonian Institution in Washington, D.C., the Museum of Fine Arts in Houston, and the National Portrait Gallery in London. Mr. Seliger's work can be viewed on his professional website (at https://www.markseliger.com/).

13. Joe Pugliese is a native of California who specializes in his favorite form of photography: photographing people. Mr. Pugliese's work can be viewed on his professional website (at http://www.joepug.com/current). He has learned over the years to use lighting, color, angles, shadows, and the background to capture the soul of his subjects which include scientists, authors, performers, creative geniuses, and everyday people. Mr. Pugliese travels extensively for his craft on behalf of his clients which include recognizable print magazines and studio networks such as *Vanity Fair*, *GQ Magazine*, *Esquire*, *Men's Journal*, *Billboard*, *The New Yorker*, NBC Universal, Fox Studios, Apple, Inc, Warner Brothers, Sony Television, Turner Broadcasting, and many more.

14. Ryan Pfluger, a California based photographer, obtained a Master of Fine Arts degree in Photo, Video, and Related Media from the School of Visual Arts in New York. Mr. Pfluger works to bring memories to life, celebrate meaningful objects, and show how sexuality and gender shape the images he creates. His photographic talent has earned him features in various publications including *Rolling Stone*, *New York Times Magazine*, and *Time*, among others. Mr. Pfluger's portfolio can be viewed on his professional website (at https://www.ryanpfluger.com/).

15. Ramona Rosales, a photographer based in Los Angeles, CA, portrays femininity and domesticity in her poppy, conventionalized images. Her amazing work has been utilized in numerous tv series and movies including *Shelter*, *Je Ne Suis Pas Seul Sans Toi*, and *Outside the Lines* to name a few. Also notorious for her offbeat, candid celebrity portraits, her photography has appeared consistently in various publications such as *New York Times Magazine*, The *Hollywood Reported*, and *Billboard Magazine*. Ms. Rosales received a Bachelor of Fine Arts from Art Center College of Design and has been exhibited throughout Mexico and the US. Her work can be viewed on her professional website (at https://ramonarosales.com).

16. Alexi Lubomirski is one of the world's leading fashion and celebrity portrait photographers, and a favorite of acclaimed Hollywood actors, musicians, and British royalty. He was honored to have been the official photographer of the 2017 engagement and 2018 wedding of Prince Harry and Meghan Markle. Based in New York, Mr. Lubomirski has also shot portraits of Beyoncé, Gwyneth Paltrow, Jennifer Aniston, Margot Robbie, Julia Roberts, Brad Pitt and Leonardo DiCaprio. He was the official photographer of the 2019 Golden Globes and has photographed for leading global publications and brands, including *Harper's Bazaar*, *Vogue*, *Elle*, *GQ*, *Esquire*, *Dior*, *H&M*, *Ralph Lauren* and *Lancome*. (at https://www.augustimage.com/Package/2UHIJQ8V6LFH).

17. Brian Bowen Smith, a New York native, had an unconventional route as a professional photographer. After receiving the support from mentor and friend, Herb Ritts, Mr. Smith was able to perfect his personal photographic style and has worked solidly ever since. Residing in Los Angeles, CA, he has spent years shooting for numerous commercial and publication clients, in addition to publishing two books focused on his fine art photography. Mr. Smith's work can be viewed on his professional website (at http://www.bowensmith.com/).

18. Mark Williams and Sara Hirakawa, recognized in the photography industry as Williams & Hirakawa, form a formidable and dynamic duo. Their collaboration embodies the fusion of their individual contributions to create compelling imagery. Williams & Hirakawa's shared goal is consistently centered on serving the essence of image. Regardless of the mood or content, Williams & Hirakawa's work exudes a distinct quality as they meticulously attend to every detail. The photography of Williams & Hirakawa has graced the pages of *Rolling Stone*, *Vanity Fair*, *Conde´ Nast Traveler*, *Harper's Bazaar*, *Elle*, *Vogue Japan*, and *GQ*. Their work can be viewed on their professional website (at https://www.williamshirakawa.com/).

19. Art Streiber, a Los Angeles based photographer, is a director specializing in reportage, portraiture, corporate, entertainment, and advertising projects. Mr. Streiber's editorial and entertainment clients include *Vanity Fair, Entertainment Weekly, Wired, Fortune*, ESPN, GQ, ABC, CBS, NBC, HBO, A&E, CNN, MCNBC, Paramount, Sony Pictures, DreamWorks, Warner Brothers Studios, Columbia-TriStar, and Universal Studios, to name a few. Over the past 15 years, Mr. Streiber's photography has been selected for annual competitions of PDN, Communication Arts, and American Photography. His work can be viewed on his professional website (at http://www.artstreiber.com/).

20. Austin Hargrave, a British photographer, is from Manchester, England and is based in Los Angeles, California. His career began as a local news photographer where he developed numerous rolls of black and white film manually and then went on to shoot for the local newspaper. Mr. Hargrave spent numerous years traveling the globe as a photojournalist, capturing everything from tsunamis to the War in Iraq. His work can be viewed on his professional website at (https://austinhargrave.com/).

21. Miller Mobley, born and reared in Alabama, is an American designer and

photographer. Mr. Mobley is known for photographing some of the most notable personalities including the late Anthony Bourdain and former First Lady Michelle Obama for her memoir, "Becoming." He has been contracted for companies such as Netflix, Disney, Google, AMC, HBO, *Time*, *Elle*, *Harper's Bazaar*, Facebook, and *National Geographic*, to name a few. His work can be viewed on his professional website (at https://millermobley.com/).

22. Ms. Levitt created one (1) professional photograph of Ariel Winter titled "AU11071559" (the "First Photograph") and one (1) professional photograph of Jonathan van Ness titled "AU11450639" (the "Sixth Photograph").

23. Mr. Leupold created one (1) professional photograph of Kim Kardashian titled "AU2229491" (the "Second Photograph").

24. Mr. Seliger created three (3) professional photographs of Rachel McAdams titled "AU2508695" (the "Third Photograph"), "AU2508697" (the "Fourth Photograph"), and "AU2508703" (the "Fifth Photograph").

25. Mr. Pugliese created one (1) professional photograph of Jesse Tyler Ferguson and Justin Mikita titled "AU2131853" (the "Seventh Photograph"), one (1) professional photograph of President Donald Trump titled "AU1775970" (the "Twelfth Photograph"), and one (1) professional photograph of Jennifer Lopez titled "AU1654593" (the "Thirteenth Photograph").

26. Mr. Pflugar created one (1) professional photograph of Jane Fonda titled "AU2181073" (the "Eighth Photograph").

27. Ms. Rosales created one (1) professional photograph of Oprah Winfrey titled "AU11191173" (the "Nineth Photograph") and one (1) professional photograph of Ricky Martin titled "AU11245320" (the Seventeenth Photograph).

28. Mr. Lubomirski created one (1) professional photograph of Selena Gomez titled

"AU2307346" (the "Tenth Photograph").

29. Mr. Williams and Ms. Hirakawa created one (1) professional photograph of Black Chyna (with Plaintiff's internal reference name being "AU11033900") (the "Fourteenth Photograph").

30. Mr. Smith created one (1) professional photograph of Gina Rodriguez titled "AU1814885" (the "Eleventh Photograph").

31. Mr. Streiber created one (1) professional photograph of Ginnifer Goodwin (with Plaintiff's internal reference name being "AU1147752") (the "Fifteenth Photograph").

32. Mr. Hargrave created one (1) professional photograph for the Billboard Music Awards titled "AU11243627" (the "Sixteenth Photograph").

33. Mr. Mobley created one (1) professional photograph of the Kardashians titled "AU11099410" (the "Eighteenth Photograph").

34. The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, Eleventh Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph, Fifteenth Photograph, Sixteenth Photograph, Seventeenth Photograph, and Eighteenth Photograph are collectively referred to herein as the "Work."

35. Ms. Levitt is the owner of the First Photograph and has remained the owner at all times material hereto.

36. Mr. Leupold is the owner of the Second Photograph and has remained the owner at all times material hereto.

37. Mr. Seliger is the owner of the Third Photograph, Fourth Photograph, and the Fifth Photograph and has remained the owner at all times material hereto.


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

38. Mr. Pugliese is the owner of the Seventh Photograph, Twelfth Photograph, and Thirteenth Photograph and has remained the owner at all times material hereto.

39. Mr. Lubomirski is the owner of the Tenth Photograph and has remained the owner at all times material hereto.

40. Mr. Williams and Ms. Hirakawa are the owners of the Fourteenth Photograph and has remained the owners at all times material hereto.

41. Mr. Smith is the owner of the Eleventh Photograph and has remained the owner at all times material hereto.

42. Mr. Streiber is the owner of the Fifteenth Photograph and has remained the owner at all times material hereto.

43. Ms. Rosales is the owners of the Nineth Photograph and the Seventeenth photograph and has remained the owners at all times material hereto.

44. Mr. Hargrave is the owner of the Sixteenth Photograph and has remained the owner at all times material hereto.

45. Mr. Mobley is the owner of the Fifteenth Photograph and has remained the owner at all times material hereto.

46. Attached hereto as **Exhibit "A"** is a spreadsheet which identifies each photograph comprising the Work, the corresponding U.S. Copyright Office registration number for such photograph, and one or more screenshots of the alleged infringement of such photograph.

47. Each photograph comprising the Work was registered by its respective photographer/owner with the Register of Copyrights and was assigned a registration number thereby. True and correct copies of the Certificates of Registration pertaining to the Work are attached hereto as **Exhibit "B."**

48. For all times relevant to this action, Plaintiff and the above-named photographers were parties to one or more written agreements whereby such above-named photographer conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

**III. Defendant's Unlawful Activities**

49. Defendant owns and operates a digital publishing and media company through brands including Mom.com, CafeMom, LittleThings, and MamásLatinas, providing articles, news, advice, entertainment, and other digital content located in Boca Raton, Florida.

50. Defendant advertises/markets its business through its websites (https://wildskymedia.com/, https://cafemom.com/, https://mamaslatinas.com/, and https://littlethings.com/), social media (e.g., https://www.linkedin.com/company/the-bright/, https://www.linkedin.com/company/wild-sky-media/, https://www.facebook.com/ilovebeingamomcafemom/, https://www.facebook.com/momdotcomofficial, https://www.facebook.com/mamaslatinas, https://www.facebook.com/littlethingscom, https://x.com/cafemom, https://x.com/Momdotcom, https://x.com/MamasLatinasUSA, https://x.com/littlethingsusa, https://www.pinterest.com/cafemom/, https://www.pinterest.com/momdotcomofficial/, https://www.pinterest.com/mamaslatinas/, https://www.pinterest.com/littlethingscom/, https://www.instagram.com/cafemomofficial, https://www.instagram.com/momdotcom/,


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

https://www.instagram.com/mamaslatinas, https://www.instagram.com/littlethingsusa, https://www.youtube.com/@CafeMomStudios, https://www.youtube.com/channel/UC030WRHQCV3ZG5GZdjUCRbw, https://www.youtube.com/user/MamasLatinasChannel, and https://www.youtube.com/channel/UCUlu-lrertnjTW2WE3s_NXw), and other forms of advertising.

51. On multiple dates after the above-referenced copyright registration of the Work, Defendant displayed and/or published the Work on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

52. A true and correct copy of screenshots of Defendant's website, webpage, social media, and/or printed media, displaying the copyrighted Work, is included in Exhibit "A" hereto.

53. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

54. Defendant utilized the Work for commercial use.

55. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

56. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff and/or its above-named customer discovered Defendant's unauthorized use/display of the Work on October 29, 2023. Following such discovery, Plaintiff notified Defendant in writing


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

of such unauthorized use.

57. All conditions precedent to this action have been performed or have been waived.

**COUNT I – COPYRIGHT INFRINGEMENT**

*First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Seventh Photograph, Tenth Photograph, Eleventh Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph, Fifteenth Photograph Sixteenth Photograph and Seventeenth Photograph*

58. Plaintiff re-alleges and incorporates paragraphs 1 through 57 as set forth above.

59. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

60. Ms. Levitt owns a valid copyright in the First Photograph, having registered such photograph with the Register of Copyrights.

61. Mr. Leupold owns a valid copyright in the Second Photograph, having registered such photographs with the Register of Copyrights.

62. Mr. Seliger owns a valid copyright in the Third Photograph, Fourth Photograph, and the Fifth Photograph, having registered such photographs with the Register of Copyrights.

63. Mr. Pugliese owns a valid copyright in the Seventh Photograph, Twelfth Photograph, and Thirteenth Photograph, having registered such photographs with the Register of Copyrights.

64. Mr. Lubomirski owns a valid copyright in the Tenth Photograph, having registered such photograph with the Register of Copyrights.

65. Mr. Williams and Ms. Hirakawa own a valid copyright in the Fourteenth Photograph, having registered such photograph with the Register of Copyrights.

66. Mr. Smith owns a valid copyright in the Eleventh Photograph, having registered

such photographs with the Register of Copyrights.

67. Mr. Streiber owns a valid copyright in the Fifteenth Photograph, having registered such photograph with the Register of Copyrights.

68. Ms. Rosales owns a valid copyright in the Seventeenth Photograph, having registered such photograph with the Register of Copyrights.

69. Mr. Hargrave owns a valid copyright in the Fifteenth Photograph, having registered such photograph with the Register of Copyrights.

70. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed the above-described exclusive rights to reproduce and distribute the Work by the subject photographers).

71. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Seventh Photograph, Tenth Photograph, Eleventh Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph, Fifteenth Photograph, Sixteenth Photograph, and Seventeenth Photograph on Defendant's website, webpage, social media, and/or printed media.

72. Defendant reproduced, distributed, and/or publicly displayed the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Seventh Photograph, Tenth Photograph, Eleventh Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph, Fifteenth Photograph, Sixteenth Photograph, and Seventeenth Photograph without authorization from Plaintiff.

73. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct,


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

vicarious, and/or contributory.

74. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2026 Wild Sky Media. All rights reserved"), indicating that Defendant understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage; John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

75. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

76. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the First Photograph, Second Photograph, Third Photograph, Fourth


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Photograph, Fifth Photograph, Seventh Photograph, Tenth Photograph, Eleventh Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph, Fifteenth Photograph, Sixteenth Photograph, and Seventeenth Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Seventh Photograph, Tenth Photograph, Eleventh Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph, Fifteenth Photograph, Sixteenth Photograph, and Seventeenth Photograph, which amounts shall be proven at trial.

77. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

78. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

79. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## **COUNT II – COPYRIGHT INFRINGEMENT**

*Sixth Photograph, Eighth Photograph, Ninth Photograph, and the Eighteenth Photograph*

80. Plaintiff re-alleges and incorporates paragraphs 1 through 57 as set forth above.

81. Each photograph comprising the Sixth Photograph, Eighth Photograph, Ninth Photograph, and Eighteenth Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

82. Ms. Levitt owns a valid copyright in the Sixth Photograph, having registered such photographs with the Register of Copyrights.

83. Mr. Pflugar owns a valid copyright in the Eighth Photograph, having registered such photograph with the Register of Copyrights.

84. Ms. Rosales owns a valid copyright in the Ninth Photograph, having registered such photograph with the Register of Copyrights.

85. Mr. Mobley owns a valid copyright in the Eighteenth Photograph, having registered such photograph with the Register of Copyrights.

86. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

exclusive rights to reproduce and distribute the Sixth Photograph, Eighth Photograph, Ninth Photograph, and the Eighteenth Photograph by the subject photographer(s)).

87. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Sixth Photograph, Eighth Photograph, and Ninth Photograph on its website, webpage, and/or social media.

88. Defendant reproduced, distributed, and/or publicly displayed the Sixth Photograph, Eighth Photograph, Ninth Photograph, and Eighteenth Photograph without authorization from Plaintiff.

89. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

90. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

91. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Sixth Photograph, Eighth Photograph, Ninth Photograph, and Eighteenth Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Sixth Photograph, Eighth Photograph, Ninth Photograph, and Eighteenth which amounts shall be proven at trial.

92. Defendant's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Sixth Photograph, Eighth Photograph, Ninth Photograph, and the Eighteenth Photograph;

b. An award of actual damages and disgorgement of profits as the Court deems proper;

c. Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Sixth Photograph, Eighth Photograph, Ninth Photograph, and the Eighteenth Photograph or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

Dated: October 28, 2026.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
Daniel DeSouza, Esq.